1

2

3

4

5

6

7

8               **UNITED STATES DISTRICT COURT**

9               **SOUTHERN DISTRICT OF CALIFORNIA**

10

11   MOSTRE EXHIBITS, LLC,                     Case No. 20-cv-1332-BAS-BLM

12                          Plaintiff,          **ORDER:**

13         v.
                                                **(1) DENYING PLAINTIFF'S**
14   SENTINEL INSURANCE COMPANY,                **MOTION FOR LEAVE TO AMEND**
     LIMITED,                                   **COMPLAINT UNDER RULE 15(a)(2)**
15                                              **(ECF No. 43); AND**
                           Defendant.
16

17
                                                **(2) REQUIRING SENTINEL TO**
18                                              **SHOW CAUSE**

19
           And Related Counterclaim
20

21

22

23         Pending before the Court is Plaintiff Mostre Exhibits, LLC ("Mostre")'s motion for

24   leave to file an amended complaint under Federal Rule of Civil Procedure 15(a)(2).  (Pl.'s

25   Mot., ECF No. 43.)  Sentinel opposed the motion (ECF No. 44), and Mostre filed a reply

26   (ECF No. 45).  The Court finds the motion suitable for determination on the papers

27   submitted and without oral argument.  *See* Fed. R. Civ. P. 78(b); Civ. L.R. 7.1(d)(1).

28

- 1 -

## I.    BACKGROUND[1]

This action arises from an insurance coverage dispute between the insured, Mostre and the insurer, Defendant Sentinel Insurance Company, Limited ("Sentinel"). Mostre is in the business of designing, producing, and renting exhibits for trade shows and other commercial events. Mostre purchased from Sentinel a property insurance policy ("the Policy"). During the policy period, the SARS-CoV-2 ("COVID-19") pandemic hit the nation, and the spread of the COVID-19 and responsive regulations reduced the demand for trade shows and exhibits. Claiming loss of business income from COVID-19, Mostre filed an insurance claim with Sentinel, which Sentinel denied.

Mostre sued Sentinel, arguing that Sentinel's denial of coverage constituted a breach of contract and the implied covenant of good faith and fair dealing. (Compl., ECF No. 1-2.) Sentinel removed the action to federal court and moved for judgment on the pleadings. (Notice of Removal, ECF No. 1; Def.'s Mot., ECF No. 31.) The Court granted Sentinel's motion for judgment on the pleadings, concluding that Mostre's claims must be dismissed as a matter of law because, taking Mostre's allegations as true, it was not established that Mostre's claimed loss from COVID-19 was covered under any provision of the insurance policy. (Order, ECF No. 41.) The Court allowed Mostre to file a noticed motion to amend its pleading. (*Id.* at 17.)

Below, the Court provides brief summaries of the Order granting Sentinel's motion for judgment on the pleadings (Order, ECF No. 41) and Mostre's proposed amendments to the pleading (ECF No. 43-3).

### A.    Order Granting Defendant's Motion for Judgment on the Pleadings

The Court granted Sentinel's motion for judgment on the pleadings in an Order dated October 15, 2021. At issue was whether any of the following provisions of the Policy relied upon by Mostre provided coverage for the claimed loss: (1) Actual Loss Sustained

---

[1] The full facts of this case are set forth in the Court's October 15, 2021 Order (ECF No. 41), and the Court does not repeat them here.

- 2 -

Business Income & Extra Expense – Specified Coverage (Form SS 40 60 10 12); (2) Special Property Coverage Form (Form SS 00 07 07 05); and (3) Limited Fungi, Bacteria, or Virus Coverage (Form SS 40 93 07 05).  (Compl. ¶ 49.)  The Court found no coverage under those provisions because they all required the loss to be a result of a distinct physical change to the property caused by a covered cause of loss, which was not alleged in the Complaint.  (Order at 10–16, ECF No. 41.)  Therefore, the Court concluded that Sentinel's rejection of Mostre's claims did not constitute a breach of contract or breach of the implied covenant of good faith and fair dealing.  The Court dismissed all claims without prejudice, granting Mostre leave to file a noticed motion to amend the pleading.

**B.     Proposed First Amended Complaint**

Mostre's proposed First Amended Complaint ("FAC") reflects the following, proposed additions:

- paragraphs about whether COVID-19 causes "direct physical loss or physical damage":
  - a quote from an epidemiologist who opined that people infected by COVID-19 "will cause direct physical damage to surfaces and air in those spaces by making them infectious" (*id.* ¶ 27); and
  - an argument that virus has physical properties because it "can be spread from person to person, and from people to property surfaces" (*id.* ¶ 43);
- allegations that under the Manufacturer's Stretch Coverage (Form SS 04 28 09 07), Mostre is entitled to $25,000 per insured location for outbreaks of COVID-19 cases at "dependent properties," which caused Mostre to sustain a significant loss of income (ECF No. 43-3 ¶¶ 12, 28, 46, 47, Prayer); and
- arguments that the provisions on coverage for damages arising from viruses are illusory.  (*Id.* ¶¶ 40, 42.)

//

- 3 -

20cv1332

## II.   LEGAL STANDARD

An amendment under Federal Rule of Civil Procedure 15(a)(2) requires the opposing party's written consent or the court's leave.  "The court should freely give leave when justice so requires."  Fed. R. Civ. P. 15(a)(2).  Nevertheless, the court has discretion "to deny leave to amend due to . . . 'futility of amendment.'"  *Nat'l Council of La Raza v. Cegavske*, 800 F.3d 1032, 1045 (9th Cir. 2015) (alteration in original) (quoting *Carvalho v. Equifax Info. Servs., LLC*, 629 F.3d 876, 892 (9th Cir. 2010)).  "Futility of amendment can, by itself, justify the denial of a motion for leave to amend."  *Bonin v. Calderon*, 59 F.3d 815, 845 (9th Cir. 1995).  A proposed amendment is futile if it would not make out a plausible claim for relief.  *See Gordon v. City of Oakland*, 627 F.3d 1092, 1095–96 (9th Cir. 2010); *see also Moore v. Kayport Package Exp., Inc.*, 885 F.2d 531, 538 (9th Cir. 1989) ("Leave to amend need not be given if a complaint, as amended, is subject to dismissal.").

## III.   ANALYSIS

### A.   Proposed Amendments about "Direct Physical Loss or Physical Damage" are Futile.

As stated in the Court's previous Order, in this circuit, the accepted interpretation of "direct physical loss of or damage to property" requires a "distinct, demonstrable, physical alteration" or a "physical change in the condition of the property."  *See Mudpie, Inc. v. Travelers Cas. Ins. Co. of Am.*, 15 F.4th 885, 891 (9th Cir. 2021).  The paragraphs that Mostre seeks to add, consisting of a quote from an epidemiologist and an argument, do not plausibly state a physical change in the condition of the property.  In essence, the proposed amendments allege that the presence of people infected with COVID-19 makes the indoor air and surfaces infectious, thus bringing about physical change to the covered properties.  However, courts in this circuit have rejected similar allegations on the ground that they do not plausibly state the requisite physical alteration or change.  *See Out W. Rest. Grp. Inc. v. Affiliated FM Ins. Co.*, 527 F. Supp. 3d 1142, 1148 (N.D. Cal. 2021) (collecting cases).

- 4 -

20cv1332

1    Although Mostre relies on an out-of-circuit district court case, *Studio 417, Inc. v.*
2    *Cincinnati Ins. Co.*, 478 F. Supp. 3d 794 (W.D. Mo. 2020), which reached a contrary
3    conclusion, in the Ninth Circuit, the "overwhelming majority of courts . . . have reasoned
4    that the [mere presence of the] virus fails to cause physical alteration of property." *Out W.*
5    *Rest. Grp.*, 527 F. Supp. 3d at 1148.  Therefore, the Court finds that Mostre's proposed
6    amendments are futile.

7

8        **B.       Proposed Amendments about "Business Income from Dependent**
9        **Properties" are Futile.**

10       Mostre proposes amending the Complaint to add that it is entitled to coverage under
11   the "Business Income from Dependent Properties" section of the Manufacturer's Stretch
12   provision, which states that the policy will pay up to $25,000 for each occurrence of loss
13   of business income "due to direct physical damage at property of others [the insured]
14   depend[s] on."  (The Policy, ECF No. 1-2 at 135.)  Assuming without deciding that the
15   alleged hotels, retail stores, and grocery stores qualify as "Dependent Properties" under the
16   Policy, the allegations that Mostre seeks to add in its proposed FAC do not plausibly state
17   that those properties sustained "direct physical damage" from COVID-19.  Instead, the
18   proposed amendments merely state that COVID-19 outbreaks have been documented at
19   those dependent properties.  (Proposed FAC ¶¶ 28, 46.)  As discussed above, *see supra*
20   III.A, alleging the mere presence of the COVID-19 virus in the air or surfaces at the
21   dependent properties is not enough to establish coverage under the Policy's Manufacturer's
22   Stretch provision.

23

24       **C.       Proposed Amendments about the Interpretation of "Direct Physical Loss**
25       **or Physical Damage" are Futile.**

26       Mostre seeks to add an argument that interpreting "direct physical loss or physical
27   damage" to require "structural alteration" to the property would render "any coverage for
28   a direct physical loss or damage caused by a bacterium or a virus . . . per se illusory."

- 5 -

(Proposed FAC ¶ 40.)  Mostre misconstrues the accepted interpretation of "direct physical loss or physical damage."  Under governing Ninth Circuit precedent, Mostre need only allege that its losses resulted from a physical change to survive a Rule 12(b)(6) dismissal; it need not allege "structural alteration," as the proposed amendment implies.  (Order at 12, ECF No. 41.)

To the extent Mostre argues that requiring physical change to establish "direct physical loss or physical damage" makes the Policy illusory, that argument has been rejected by the courts in this circuit.  Namely, *Westside Head & Neck v. Hartford Fin. Servs. Grp., Inc.*, 526 F. Supp. 3d 727, 733 (C.D. Cal. 2021) interpreted a limited virus coverage provision similar to the Policy's Limited Fungi, Bacteria, or Virus Coverage.  Both provisions applied to "multiple perils," including fungi, wet rot, dry rot, bacteria, in addition to virus.  (*Compare id. with* Endorsement on Limited Fungi, Bacteria, or Virus Coverage (Form SS 40 93 07 05), ECF No. 1-2 at 165.)  As the *Westside* court held, "[t]here is no requirement that each peril potentially be the result of each and every specified cause of loss[,] [n]or is there any requirement that every specified cause of loss must result in a peril set out in the additional Limited Coverage."  *Westside*, 526 F. Supp. 3d at 733.

In other words, for the Policy's Limited Fungi, Bacteria, or Virus Coverage to have meaning, it is sufficient if any of the listed perils—fungi, wet rot, dry rot, bacteria, or virus—can cause direct physical change.  And courts have found that they can.  *See, e.g., WPB No. 1, LLC v. Valley Forge Ins.* Co., No. 05CV2027-L(BLM), 2007 WL 9702161, at *2 (S.D. Cal. Mar. 27, 2007) (fungi or wet rot); *see also Ultimate Hearing Sols. II, LLC v. Twin City Fire Ins. Co.*, 513 F. Supp. 3d 549, 563 (E.D. Pa. 2021) ("[I]t is not difficult to imagine that wet rot, dry rot or fungi can cause damage that would satisfy the "direct physical loss or direct physical damage" requirement.").

//
//
//
//

- 6 -

1 **D. Proposed Amendments about the Scope of "Specified Cause of Loss" are**

2 **Futile.**

3 Mostre seeks to add a paragraph that argues the "Specified Cause of Loss" prong of

4 the Limited Virus Coverage is satisfied because COVID-19 spreads "via passengers flying

5 in commercial aircraft." (Proposed FAC ¶ 42.) Mostre argues that a different finding

6 would make the Policy's Limited Fungi, Bacteria, or Virus Coverage provision illusory.

7 Mostre's proposed amendment merely repeats the argument it made in opposition to

8 Sentinel's motion for judgment on the pleadings, which cannot cure the proposed FAC's

9 central defect: the failure to allege direct physical loss or direct physical damage. In other

10 words, the FAC, as amended, would be dismissed, irrespective of the debated scope of the

11 "Specified Cause of Loss" prong. (Order at 16, ECF No. 41.)

12

13 **E. The Pending Appeal in *Kevin Barry* does not Change the Outcome.**

14 Finally, Mostre has not shown that the pending appeal in *Kevin Barry Fine Art*

15 *Assocs. v. Sentinel Ins. Co.*, No. 21-15240 (9th Cir., 2021), provides a reason for the Court

16 to allow the proposed amendments. The Ninth Circuit has recently spoken on the

17 dispositive issue as to whether the phrase "direct physical loss of or damage to property"

18 requires a "distinct, demonstrable, physical alteration" or a "physical change in the

19 condition of the property." *See Mudpie*, 15 F.4th at 891. Further, in the unlikely event that

20 the Ninth Circuit's ruling in *Kevin Barry* were to revive Mostre's claims, Mostre can then

21 move for relief from the Court's judgment under Federal Rule of Civil Procedure 60.

22

23 **IV. CONCLUSION**

24 For the reasons stated above, the Court finds that Mostre's proposed amendments

25 are futile. The Court therefore **DENIES** Mostre's motion to amend its pleading (ECF No.

26 43). *See Bonin*, 59 F.3d at 845. Mostre's claims are hereby **DISMISSED WITH**

27 **PREJUDICE**.

28 //

20cv1332

1    Sentinel is **ORDERED** to show cause, **on or before February 28, 2022**, why its

2    counterclaim for declaratory judgment should not be dismissed as moot.  *See Slater v.*

3    *Morton*, 797 F. App'x 323, 324 (9th Cir. 2020) ("A declaratory judgment would be akin to

4    an advisory opinion . . . [where] no substantial controversy exists between the parties.").

5    Sentinel may show adequate cause by filing a short brief limited to five pages or a notice

6    of dismissal under Federal Rule of Civil Procedure 41.

7         **IT IS SO ORDERED.**

8

9    **DATED: February 2, 2022**

Hon. Cynthia Bashant
United States District Judge

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

20cv1332